977 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Gregory CASTILLO, Plaintiff-Appellant,
v.
John E. BILBREY, et al., Defendant-Appellee.
 No. 92-35316.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 29, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James G. Castillo, a Washington state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915(d). Castillo contends that he was deprived of his property without due process when prison officials either lost or failed to prevent the theft of his socks. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's determination that a complaint is frivolous under section 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In civil rights actions where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 A section 1983 claim must involve conduct by a person acting under color of state law that deprived the plaintiff of a right, privilege, or immunity secured by the constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). The conduct alleged to have caused the deprivation of a constitutional right must amount to more than lack of due care or mere negligence. Daniels v. Williams, 474 U.S. 327, 331-33 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986).
 
 
 5
 Here, Castillo alleges that he sent his personal clothing to be cleaned within the prison, and that when it was returned to him, his socks were missing. He claims that the disappearance of his socks was due to the failure of correctional officers to ensure security within the prison. He has alleged no facts, however, to indicate that the correctional officers acted intentionally to deprive him of his socks. Thus, because the correctional officers' conduct, as alleged by Castillo, at most, amounts to negligence or lack of due care, Castillo's claim of deprivation of property without due process has no arguable basis in law. See Daniels, 474 U.S. at 331-33. Accordingly, the district court did not abuse its discretion by dismissing Castillo's complaint as frivolous.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3